UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WALTER HOLMES, JR., #289936

    Petitioner,

                                  CIVIL CASE NO. 08-10284
                                  HONORABLE STEPHEN J. MURPHY, III

v.

BRUCE L. CURTIS,

    Respondent.
_____/

## ORDER GRANTING RESPONDENT'S MOTION TO DISMISS

### INTRODUCTION

Walter Holmes, Jr. ("Petitioner"), presently incarcerated at Cooper Street Correctional Facility in Jackson, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, Petitioner challenges his conviction for three counts of third-degree criminal sexual conduct, Mich. Comp. Laws § 750.520d(1)(a), two counts of fourth-degree criminal sexual conduct, Mich. Comp. Laws § 750.520e, and one count of furnishing alcohol to a minor, Mich. Comp. Laws. § 436.33a. He was sentenced to six to fifteen years' imprisonment for each third-degree criminal sexual conduct offense; sixteen to twenty-four months' imprisonment for each fourth-degree criminal sexual conduct conviction; and a thirty day jail incarceration for the furnishing of alcohol to a minor conviction. Each of these sentences is to be served concurrently.

Respondent has filed a motion to dismiss contending that the habeas petition was not timely filed in accordance with the statute of limitations contained in 28 U.S.C.

§ 2244(d)(1). Petitioner has not filed a response to the dismissal motion. For the reasons stated below, the Court will grant Respondent's motion to dismiss.

## BACKGROUND

Petitioner was convicted in a jury trial in Mackinac County Circuit Court on May 30, 1998 of the above stated offenses. He was sentenced on June 4, 1999. Petitioner's convictions stem from the sexual assault of Holly Webster, who was 15 years of age at the time.

Petitioner filed an appeal of right with the Michigan Court of Appeals, wherein his conviction was affirmed. *People v. Holmes*, No. 220275 (Mich. Ct. App. June 15, 2001). Petitioner then filed an application for leave to appeal with the Michigan Supreme Court which was denied on April 10, 2002. *People v. Holmes*, 465 Mich. 974; 641 N.W.2d 592 (2002) (table). On April 16, 2004, Petitioner filed his motion for relief from judgment which was denied on September 20, 2005. Petitioner appealed the order denying post-judgment relief to the Michigan Court of Appeals, and his application for leave to appeal was denied. *People v. Holmes*, No. 273213 (Mich. App. Ct. Apr. 20, 2007). He then filed an application for leave to appeal with the Michigan Supreme Court, which was also denied on September 24, 2007. *People v. Holmes*, 480 Mich. 888; 738 N.W.2d 731 (2007) (table). On January 17, 2008, Petitioner signed and dated his habeas petition and subsequently filed it with this Court.[1]

---

[1] Under the prison mailbox rule, the Court will assume that Petitioner actually filed his habeas petition on January 17, 2008, the date that it was signed and dated. *See Neal v. Bock*, 137 F.Supp.2d 879, 882, n.1 (E.D. Mich. 2001).

DISCUSSION

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a one-year statute of limitations shall apply to an application of writ of habeas corpus by a person in custody pursuant to a judgment of a state court. The one-year statute of limitation shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the application was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). A federal court will dismiss a case where a petition for a writ of habeas corpus does not comply with the one-year statute of limitations. See *Wilson v. Birkett*, 192 F.Supp.2d 763, 765 (E.D. Mich. 2002); *see also Holloway v. Jones*, 166 F.Supp.2d 1185, 1187 (E.D. Mich. 2001).

In this case, the direct appeal of Petitioner's conviction ended when the Michigan Supreme Court denied Petitioner's application for leave to appeal on April 10, 2002. Petitioner's conviction would become final, for the purposes of commencing the AEDPA's one-year limitations period, on the date that the 90-day time period for seeking certiorari with the U.S. Supreme Court expired. *See* 13(1), Supreme Court Rules; *Abela v. Martin*, 348 F.3d 164, 172 (6th Cir. 2003), *cert. denied*, 541 U.S. 1070 (2004) (the limitations period is tolled for 90 days from the date the state supreme court denies leave to appeal; that is, "until the conclusion of the state's final judgment on that application"); *Bronaugh v. Ohio*,

3

235 F.3d 280, 283 (6th Cir. 2000). Petitioner's judgment therefore became final on July 9, 2002, when he failed to file a petition for writ of certiorari with the U.S. Supreme Court. *Thomas v. Straub*, 10 F.Supp.2d 834, 835 (E.D. Mich. 1998). Therefore, because Petitioner's conviction became final after the April 24, 1996 enactment date of the AEDPA, Petitioner had one-year from July 9, 2002 to timely file a petition for habeas relief with the federal court. 28 U.S.C. § 2244(d)(1)(A). Absent state collateral review, Petitioner would have been required to file his petition for writ of habeas corpus with the federal court no later than July 9, 2003.

A properly filed application for state post-conviction review or other state collateral review (i.e., motion for relief from judgment or motion for a new trial) tolls the statute of limitations during the period the application is pending, but it cannot revive the statute of limitations period (i.e., restart the clock) after the limitations period has expired. *See Hargrove v. Brigano*, 300 F.3d 717, 718, n.1 (6th Cir. 2002); 28 U.S.C. § 2244(d)(2). Such a post-judgment filing can only serve to pause a clock that has not yet fully run. *Benoit v. Bock*, 237 F.Supp.2d 804, 807 (E.D. Mich. 2003). Once the limitations period has expired, collateral petitions can no longer serve to avoid a statute of limitations.

Petitioner did not file his motion for relief from judgment until April 16, 2004, which is approximately nine months after the statute of limitations period had already expired. Since Petitioner's motion for relief from judgment did not revive an already expired statutory period, the filing of his January 17, 2008 habeas petition is time-barred.

Since Petitioner has not filed an answer to Respondent's dismissal motion, he has not acknowledged that his petition is untimely, nor has he presented any arguments in support of extending the statutory period or in support of applying equitable tolling

4

principles in this case. The Court, however, has reviewed the habeas petition and notes Petitioner's references to "newly discovered evidence."

Addressing the extension of the statutory period in support of avoiding the statute of limitations, Petitioner cites the following in support of his claim that habeas relief should be granted: letters dated December 2, 1998; an affidavit notarized on July 17, 1999; a police report dated February 11, 1998; and affidavits dated September 27, 2000, October 5, 2000, December 18, 2000, January 13, 2002, August 21, 2002, and February 3, 2004. As for the "newly discovered evidence" dated from 1998 -2002, although these documents are dated after the statute of limitations period expired on July 9, 2003, this fact does not support Petitioner's argument that the statute of limitations period should be avoided.

28 U.S.C. § 2241(d)(1)(D) permits a habeas filing to be timely if it is filed within one-year of the new evidence being discovered. Petitioner's appeal on direct review ended on April 10, 2002, and he did not file his motion for relief from judgment until April 16, 2004. Therefore, even if the Court applied the additional year to Petitioner's statutory period as permitted under 28 U.S.C. § 2241(d)(1)(D), it still would not save Petitioner's habeas claim from being time-barred.

Regarding the February 3, 2004 affidavits, these witnesses were available and at trial as observers in 1998. Their affidavits have been submitted in order to support Petitioner's deprivation of due process claim and to attest to the disinterest of jurors, the bias of the judge, and the lack of decorum during the trial proceedings. However, the fact that Petitioner secured affidavits from these witnesses in 2004 despite the fact that any testimonial evidence from these witnesses was available during the trial proceedings in 1998, does not make the evidence "newly discovered." Therefore, the Court does not find

that the above referenced evidence allows Petitioner to avoid the statute of limitations in this case.

The Court of Appeals for the Sixth Circuit has determined that the one-year limitations period is not a jurisdictional bar and is subject to equitable tolling. *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). "Because AEDPA's one-year statute of limitations is not jurisdictional, a petitioner who misses the deadline may still maintain a viable habeas action if the court decides that equitable tolling is appropriate. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). In *Dunlap v. United States*, 250 F.3d 1001, 1008-09 (6th Cir. 2001), the Sixth Circuit ruled that the test to determine whether equitable tolling of the habeas limitations period is appropriate is the five-part test set forth in *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1988). The five parts of the test are the following: "(1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim." *Dunlap*, 250 F.3d at 1008. Nevertheless, "equitable tolling [should] be applied sparingly." *Id.* "The petitioner bears the burden of establishing that he is entitled to equitable tolling." *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003).

"These factors are not necessarily comprehensive and they are not all relevant in all cases. Ultimately, the decision whether to equitably toll a period of limitations must be decided on a case-by-case basis." *Miller v. Collins*, 305 F.3d 491, 495 (6th Cir. 2002) (internal citation omitted). A petitioner, however, has the burden of demonstrating that he is entitled to equitable toling. *See Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002).

"Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003), quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000).

Petitioner has presented no arguments in support of equitable tolling in this matter, nor does the Court find a basis for applying the principle based upon its review of the habeas petition.

## CONCLUSION

For the reasons stated above, the Court finds that Petitioner failed to file his habeas petition within the applicable one-year limitations period and that equitable tolling of the limitations period is not warranted.

Accordingly, **IT IS ORDERED** that Respondent's motion to dismiss [docket entry #7] is **GRANTED.** The petition for writ of habeas corpus [docket entry #1] is **DISMISSED.**

**SO ORDERED.**

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: March 5, 2009

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 5, 2009, by electronic and/or ordinary mail.

          <u>s/Alissa Greer</u>
          Case Manager